POINT BREEZE FERRY AND IMPROVEMENT COMPANY, PROSECUTOR, v. MAYOR AND ALDERMEN OF JERSEY CITY, A MUNICIPAL CORPORATION, ET AL., DEFENDANTS.

Argued October 25, 1928—Decided October 29, 1928.

Before Justices MINTURN, BLACK and CAMPBELL.

For the prosecutor, *John W. Queen* and *Richard Boardman*.

For the defendants, *Edward P. Stout*.

PER CURIAM.

This is an application to vacate an *allocatur* of a *certiorari*. The *certiorari* was allowed to review the sale of taxes affecting lot C in block 1514, old block 1513-1517, on property located on New York bay, and also the resolution of the mayor and aldermen of Jersey City, dated June 26th, 1928, for the apportionment of said taxes. The return made to the *certiorari* shows that the taxes involved were levied for the years 1874 to 1907. These taxes were in the report of the commissioners of adjustment of Jersey City, No. 113. This report was affirmed by the Hudson County Circuit Court on July 9th, 1908. The report was removed by *certiorari* to the Supreme Court and was affirmed by that court on April 26th, 1909. Subsequent taxes were levied down to the year 1927. A bill was filed in the Court of Chancery affecting these taxes, which was dismissed on the 16th day of January, 1928, by an order of that court. Subsequently a bill was filed in the United States District Court for the District of New Jersey affecting these taxes, which on the 8th day of October, 1928, was dismissed by that court.

We think that in matters affecting municipalities a *certiorari* should not be allowed, except upon notice, and where municipal taxes are involved, the *certiorari* should not be allowed, except upon the payment of taxes conceded to be due. This was the practice adopted in the case of the Trustees of Stevens Institute of Technology *v.* State Board of Taxes and Assessment, decided by this court at the October term, 1928.

We think the *allocatur* should be vacated and the *certiorari* dismissed.

A rule to that effect may be entered.